# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No:    01 CR 1098-1 |
| ) | |
| CLACY WATSON HERERRA, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER GRANTING
## GOVERNMENT'S REQUESTS TO SUPPLEMENT THE RECORD
## WITH MATERIALS PLACED IN THE RECORD AND CREATED POST-APPEAL

Before the court are two matters: (1) the "Government's Motion to Supplement the Record on Appeal" [673] filed on December 8, 2009; and (2) the "Addendum to Government's Motion to Supplement the Record on Appeal" [675] filed on December 14, 2009. The defense takes no position.

Federal Rule of Appellate Procedure 10(e) governs the Government's requests to supplement the record, and states:

**(e)    Correction or Modification of the Record.**

(1)    If any difference arises about whether the record truly discloses what occurred in the district court, the difference must be submitted to and settled by that court and the record conformed accordingly.

(2)    If anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected and a supplement record may be certified and forwarded:

(A)    on stipulation of the parties;

(B)    by the district court before or after the record has been forwarded; or

        (C)       by the court of appeals.

   (3)      All other questions as to the form and content of the record must be presented to the court of appeals.

Because the last provision of Appellate Rule 10(e)(3) requires that all questions as to the content of the appellate record be presented to the Court of Appeals, this court when it addressed the defense's request to supplement [659] allowed defense's Exhibit F, the only item of the eight defense-requested supplementing items that was created post-appeal. This court called Exhibit F "somewhat concerning" [668], but approved the requested supplementation so as to allow the Court of Appeals to determine the "content of the record," Appellate Rule 10(e)(3).

The same reasoning applies to these Government-requested supplementations [673-75], but in all this post-appeal flurry to submit documents that were not in the record and did not exist at the time of this court's decision on November 3, 2009 or at the time of the filing of the notice of appeal on November 5, 2009, the key issue in this case has been overlooked by counsel.

The question here revolves around the Government's failure to comply with this court's August 14, 2009 order stating that, "Any party intending to offer evidence under Fed. R. Evid. 702 must provide the required pretrial information by September 21, 2009." [607]. The record demonstrates the Government did not even pull the evaluated items at issue out of storage until that September 21, 2009 deadline had come and gone. [646]

The Government could have commenced its fingerprint analysis months before it did. The Government offered no justification for its choosing not to do so. All the information the Government needed to comply with the September 21, 2009 deadline was in the Government's care, custody and control, including Watson-Herrera's fingerprints, on June 25, 2009. Had the Government started its "three-step process" [658] the next day, on June 26, 2009, (it actually started

over two months later, on September 10, 2009), the Government would easily have been able to comply with the September 21, 2009 deadline.

From the September 10, 2009 date, when the Government started its "three-step process," until November 2, 2009, when the Government revealed its expert's fingerprint analysis, is a span of fifty-five days. Under that fifty-five day time frame, a June 26 start date would have had the Government's experts fingerprint analysis completed by August 21, a month before the discovery deadline. In fact, the Government could have started its "three-step process" of locating, retrieving, and analyzing the evidence as late as July 26, 2009, a month after the defendant's initial appearance, and complied with the September 21, 2009 deadline. The Government chose not to do so and provided no reasonable justification.

Also, the Government could have asked this court for an extension of the time to comply. It chose not to do that either.

None of the e-mail and letter exchanges between counsel during October and November 2009 is pertinent to the Government's failure in June and July 2009 to commence to gather the evidence in its possession.

Federal Rule of Criminal Procedure 16(d) deals with regulating criminal discovery. Subsection (2) of the rule states:

    (2)    **Failure to Comply**. If a party fails to comply with this rule, the court may:

        (A)    order that party to permit the discovery or inspection; specify its time, place, and manner; and prescribe other just terms and conditions;

        (B)    grant a continuance;

        (C)    prohibit that party from introducing the undisclosed evidence; or

        (D)    enter any other order that is just under the circumstances.

The key and undisputed facts are that the Government, when it disclosed its expert's fingerprint analysis on November 3, 2009 – six days before trial, was six weeks late and had no reasonable justification for its tardiness.

## **CONCLUSION**

The Government's requests for supplementation of docket numbers 673 and 675 are granted, and this court states as it did before, "the Court of Appeals is more than capable of determining whether this, or any of the other documents, are useful in its consideration of this appeal." [668 at 2].

Entered: _____
Honorable James F. Holderman
Chief Judge

Dated: December 21, 2009